# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **AMET DE LA CARIDAD ALDAMA ALEMAN,** §§§ | |
| *Petitioner,* §§ | |
| **v.** §§ | |
| **WARDEN, EL PASO PROCESSING CENTER, MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN OF ERO EL PASO CAMP EAST MONTANA, TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S DEPARTMENT OF HOMELAND SECURITY; MARK WAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY, U.S DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ACTING ATTORNEY GENERAL OF THE UNITED STATES,** §§§§§§§§§§§§§§§§§§§§§§§§§§ | **No.  3:26-CV-01383-LS** |
| *Respondents.* § | |

## ORDER TRANSFERRING CASE

Petitioner Amet De La Caridad Aldama Aleman seeks a writ of habeas corpus under 28 U.S.C. § 2241, but the Court has already considered and denied Petitioner's claims for relief against parties in privity with the respondents in this case.[1] "No circuit or district judge shall be

---

[1] *See Aldama Aleman v. Lyons*, No. 3:26-cv-00463 (W.D. Tex. Apr. 2, 2026); *see also Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) ("For privity, '[f]ederal courts have deemed' three 'types of

required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined . . . on a prior application."[2] A petitioner may file a successive petition in a district court only if "the applicant . . . move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application."[3] Finally, when a petitioner files in district court without authorization, "the district court should transfer the petition or motion to [the court of appeals] in the interest of justice pursuant to [28 U.S.C.] § 1631."[4] Accordingly, the Court **TRANSFERS** this petition to the Fifth Circuit Court of Appeals in the interest of justice.

     **SO ORDERED**.

     **SIGNED** and **ENTERED** on May 26, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

relationships "sufficiently close" to justify preclusion': (1) 'a non-party who has succeeded to a party's interest in property,' (2) 'a non-party who controlled the original suit,' and (3) 'a non-party whose interests were represented adequately by a party in the original suit.'" (quoting *Sw. Airlines Co. v. Tex. Int'l Airline, Inc.*, 546 F.2d 84, 95 (5th Cir. 1997))).

[2] 28 U.S.C. § 2244(a).

[3] *Id.* § 2244(b)(3)(A).

[4] *United States v. Newby*, No. 25-40621, 2026 WL 1241015, at *1 (5th Cir. May 6, 2026) (quoting *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997)).